## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### CASE NO. 8:25-cv-03291-LSG

SAMANTHA MICHAEL and
CORY MICHAEL, individually and on
behalf of their minor children B.M. and C.M.,

      Plaintiffs,

vs.

ACADEMY AT THE LAKES,

      Defendant.

_____/

### DEFENDANT ACADEMY AT THE LAKES' REPLY IN SUPPORT OF ITS SUPPLEMENTAL MOTION TO COMPEL ARBITRATION

COMES NOW, Defendant, ACADEMY AT THE LAKES ("AATL"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Middle District, hereby files its Reply in support of its June 30, 2026, Supplemental Motion to Compel Arbitration [D.E. 38] and in response to Plaintiffs, SAMANTHA and CORY MICHAEL individually, and on behalf of their minor children B.M. and C.M.'s ("Plaintiffs"), July 6, 2026, Response in Opposition [D.E. 40], and in support thereof states as follows:

1

## I.    BACKGROUND AND PROCEDURAL HISTORY

On June 14, 2026, Plaintiffs filed the operative Second Amended Complaint ("SAC") [D.E. 34]. On June 30, 2026, AATL subsequently moved to Compel Arbitration [D.E. 38]. Thereafter, Plaintiffs filed their Response in Opposition [D.E. 40].  AATL sought, and was subsequently granted, leave to Reply to the Response given several mischaracterizations and context that was missing in the pleading [D.E. 41, D.E. 42].

## II.    ARGUMENT

### A.    This Matter has been Litigated for Three Months, Not Six

Plaintiffs' Response asserts that after filing its First Amended Complaint in December 2025, "during the next several months AATL actively litigated." [D.E. 40]. Moreover, throughout the response, Plaintiffs allege this matter has been, "in six months of litigation." *Id.* However this is woefully misleading as to the facts surrounding the litigation and when it actually commenced. To that end, AATL was first served in this matter on March 5, 2026. [D.E. 13]. Counsel for AATL was not assigned, and did not appear, until March 31, 2026. [D.E. 16, D.E. 18]. AATL's first substantive filing was its Motion to Dismiss, filed on April 2, 2026, which was less than thirty (30) days from the service of the initial pleading. [D.E. 20].  From the date of the Motion to Dismiss to the Motion to Compel Arbitration, two (2) months and 23 days have passed, not six months. Accordingly, Plaintiffs have

2

wholly and materially misrepresented the period of litigation as "half a year" in their waiver argument. AATL's actions in this matter are inconsistent with a waiver of the provision especially since there was a significant delay between filing and service which is not AATL's fault, and which necessitated and sped up the response process without a full and complete evaluation of all student/parent documents and contract[s].

**B.      The Continuous Enrollment Agreement Contains the Provision and Governs**

Plaintiffs Response asserts that the "arbitration clause is not contained in… the governing contract between the parties." However, a cursory review at the operative documents reveal that this is patently false. In review of the signed & executed Continuous Enrollment Agreements attached as Exhibit B in AATL's Motion, Plaintiffs agreed to the following term, "I further understand that I will be notified of any changes to the Academy at the Lakes enrollment policies through the issuance of annual Enrollment Supplement, which I will be provided every year." [D.E. 40 at Ex. B]. The Continuous Enrollment Agreement further contemplates this by stating, "I understand that the execution of this Continuous Enrollment Agreement represents **my acknowledgement and acceptance** of the terms, conditions, policies and procedures set out in the school handbooks and the Annual Enrollment Agreement Supplement." Id. (emphasis added). The

3

supplement is contemplated within the agreement to reflect any yearly changes or modifications throughout a child's enrollment at AATL.

For some unknown reason, Plaintiffs' Response attempts to differentiate the Continuous Enrollment Agreement from the Supplements. However, the plain language of the Agreement contradicts that very assertion. Moreover, Plaintiffs argue there are events occurring outside the periods of withdrawal for each student and therefore the agreement does not apply. However, there is no record evidence for such assertions.  None of the underlying allegations contained within the Second Amended Complaint reference, in any way, conduct by AATL occurring after enrollment. The operative Complaint states state that, at <u>all times</u> relevant to the Amended Complaint, B.M. and C.M. were enrolled as students at AATL. [D.E. 24 at ¶¶3,4]. Any argument in Plaintiffs' Response, to the contrary is inconsistent with Plaintiffs' own pleadings and the facts underlying their allegations.

### C.   Plaintiffs Assertion that ADA and 504 Claims Cannot be Compelled is Misplaced

Plaintiffs Response states that "[a]rbitration… cannot fully adjudicate Plaintiffs' ADA claims." However, the Americans with Disabilities Act states: "where appropriate and to the extent authorized by law, the use of alternative means of dispute resolution, including … arbitration, is **encouraged** to resolve disputes arising under this chapter." 42 U.S.C. § 12212. [all emphasis supplied].

4

Moreover, despite the assertion that Plaintiffs cannot be compelled to Arbitrate their Section 504 Claims, this is directly contradictory to the clear law in the Eleventh Circuit. Specifically, the Eleventh Circuit has opined that "statutory claims...can be subject to mandatory arbitration," and that "an arbitration agreement [need not] specifically list every federal or state statute it purports to cover. *See Caplin v. Everglades Coll.*, No. 20- 21886-Civ-COOKE/GOODMAN, 2020 LX 61971 (S.D. Fla. Oct. 30, 2020) citing *Cheshire v. Fitness & Sports Clubs, LLC*, 382 F. Supp. 3d 1329, (S.D. Fla. 2019) (compelling Arbitration on an ADA Claim).

The fact that Plaintiffs' Response fails to cite any case law that supports this assertion is telling, because there simply is nothing that supports this argument. It is clear, Section 504 and the ADA claims *may* be compelled to Arbitration and Plaintiffs argument in that regard fails.

D.      **The Clause is Not Procedurally or Substantively Unconscionable**

Plaintiffs assert that, because the enrollment agreement was a contract of adhesion, the agreement is procedurally unconscionable. Though Plaintiffs are correct that *Basulto* does contemplate an adhesion contract in analyzing the unconscionability, the case does not stand for the proposition that such a contract is automatically unconscionable.  *Basulto v. Hialeah Auto.*, 141 So. 3d 1145, 1160-1161 (Fla. 2014).  Rather, this is one of multiple factors Florida Courts are urged to evaluate in determining unconscionability. "[T]he take-it-or-leave-it nature of

5

arbitration agreements is not dispositive." *Hobby Lobby Stores, Inc. v. Cole*, 287 So. 3d 1272, 1275-1276 (Fla. Dist. Ct. App. 2020). The agreement is not procedurally unconscionable, like in *Hobby Lobby*, there is no evidence that the Plaintiffs could not read the agreement, were pressured, rushed, or coerced into signing the agreement.

Further, the agreement is not Substantively Unconscionable, as Plaintiffs assert. In direct contradiction to the language, Plaintiffs misconstrue the terms of the agreement to allege that AATL retained a right to trial by jury against Plaintiffs. However, there are no "one-sided burdens." In all caps font, the agreement states, "I UNDERSTAND THAT THIS BINDING ARBITRATION REQUIRES… THE SCHOOL TO GIVE UP RIGHTS TO TRIAL BY JURY." [D.E. 38 at Ex. B ¶ 24]. AATL does not retain further rights, nor does the agreement provide some sort of unconscionable favoritism. It is for these same reasons that Plaintiffs assertions there was no mutual assent fail. As discussed, the provision was incorporated in both the yearly Supplement and the Continuous Enrollment Agreement, and is the only provision drafted with all caps warnings to indicate the terms, not hidden as Plaintiff asserts.

### E.        There is Sufficient Delegation in the Agreement

Contrary to Plaintiffs' assertion, the Agreement does contemplate, at length, the kind of issues that are subject to Arbitration. There is no silence or ambiguity

6

that all of the claims involved are referenced by the agreement, rather Paragraph 24 discusses at length the kind of disputes that are directly addressed.  [D.E. 38 at Ex. B ¶ 24]. Plaintiffs' argument that there is no such clause is plainly contradicted by the agreement itself.

### III.    CONCLUSION

Based upon the foregoing Defendant, Academy at the Lakes, respectfully requests the Court to grant its Supplemental Motion to Compel Arbitration, along with any other relief this Court deems just and proper.

> */s/ Kristen A.B. Hobkirk*
> Kristen A. Hobkirk
> Florida Bar No. 1068599
> Andrew J. Marchese, Esq.
> Florida Bar No. 61931
> Holly M. Hamilton, Esq.
> Florida Bar No. 113307
> Marshall Dennehey, P.C.
> 2400 E. Commercial Blvd., Ste. 1100
> Fort Lauderdale, FL 33308
> Telephone: (954) 905-3790
> Facsimile: (954) 627-6640
> Emails:ajmarchese@mdwcg.com
>           hxhamilton@mdwcg.com;
>           kaballard@mdwcg.com;
> Attorneys for Defendant, Academy at the Lakes

7

## CERTIFICATE OF SERVICE

The undersigned hereby states that on the 21st day of July 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I e-mailed or mailed the foregoing document and the notice of electronic filing to all counsel of record or pro-se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Robert S. Mactavish, Esq.
Lento Law Group, P.C.
1814 Route 70 East, Suite 323
Cherry Hill, NJ  08003
Robert.mactavish@llgnational.com

*/s/ Kristen A.B. Hobkirk*
Kristen A.B. Hobkirk, Esq.

WSLEGAL/301561876.1

8

9